UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH ATWAL, | No. 1:26-cv-01570-DAD-AC |
| Petitioner, | |
| v. | ORDER |
| SERGIO ALBARRAN, et al., | (Doc. Nos. 12, 14) |
| Respondents. | |

Petitioner is proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On June 1, 2026, petitioner filed a *pro se* motion for preliminary injunction. (Doc. No. 12.) On June 3, 2026, the assigned magistrate judge issued an order requiring the parties to inform the court of their respective positions on "whether the petition is moot in light of petitioner's bond hearing."[1] (Doc. No. 11.) On June 5, 2026, respondents filed a notice that they believe that the petition is moot. (Doc. No. 13.) That same day, petitioner's counsel, Kyle Jordan Howard, filed the pending motion to withdraw as counsel. (Doc. No. 14.)

---

[1] This court previously issued a preliminary injunction requiring respondents to provide petitioner with a bond hearing. (Doc. No. 8.) The bond hearing occurred on March 11, 2026 and petitioner was denied bond. (Doc. No. 10 at 1.)

1

In his motion to withdraw as counsel, petitioner's counsel requests that he be relieved due to petitioner's claims made in his *pro se* motion for preliminary injunction suggesting that petitioner believes he may have received ineffective assistance of counsel.  (Doc. No. 14 at 2.)

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer."  Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).

In contrast, withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

Representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

/////

2

Here, petitioner's counsel requests to withdraw because petitioner may be making claims of ineffective assistance of counsel.[2] (*See* Doc. Nos. 12 at 1–2; 14 at 2.) Counsel's motion to withdraw as attorney is deficient because counsel has failed to provide an affidavit stating "the efforts made to notify the client of the motion to withdraw" as required by L.R. 182(d). In addition, petitioner's counsel has failed to cite any legal authority in support of his motion to withdraw. (Doc. No. 14.) It is not obvious to the court that good cause exists for the withdrawal of counsel of record based solely on petitioner's statements made in his *pro se* motion for preliminary injunction. The court will therefore deny counsel's motion to withdraw without prejudice to its renewal.

The court next considers petitioner's *pro se* motion for preliminary injunction. *Pro se* filings by a represented party are improper. *See Riel v. Warden, San Quentin State Prison*, No. 2:01-cv-0507-MCE-DB, 2023 WL 2413825, at *1 (E.D. Cal. Mar. 8, 2023); *United States v. Brayshaw*, No. 2:14-mc-00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions"). Therefore, the court will deny the motion for a preliminary injunction (Doc. No. 12) without prejudice to a properly filed motion.[3]

/////

---

[2] In his *pro se* motion for preliminary injunction, petitioner alleges that attorney Peter Singh did not appear at petitioner's scheduled bond hearing in immigration court and also neglected to file an appeal to the Board of Immigration Appeals. (Doc. No. 12 at 1–2.) Petitioner's counsel of record, attorney Howard, explains that he and attorney Singh are both identified on petitioner's fee agreement with their office, but that attorney Howard took the lead on petitioner's case. (Doc. No. 14 at 1–2.) Petitioner's counsel further argues that the fee agreement does not extend to representation in immigration court proceedings. (*Id.*) It appears that there may be a disagreement between counsel and their client, petitioner, regarding the scope of representation under their agreement. However the fee agreement is not before the court and the court does not address any disagreement regarding the scope of representation under the agreement in this order.

[3] The court notes that petitioner argues that the bond hearing conducted pursuant to this court's order was inadequate. (Doc. No. 12 at 2.) Even if the court had been able to review this *pro se* motion filed by the represented petitioner on its merits, the court would have been unable to grant relief because petitioner has not provided a transcript or other recording of the hearing for the court's review. *See O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2026 WL 381017, at *1, n.1 (E.D. Cal. Feb. 10, 2026).

Finally, the court notes that despite the filing of a motion to withdraw, counsel is still the counsel of record for petitioner and is still required to comply with the assigned magistrate judge's order (Doc. No. 11) directing counsel to state his position regarding whether the pending petition is moot.

For the reasons stated above,

1.   Petitioner's *pro se* motion for preliminary injunction (Doc. No. 12) is DENIED without prejudice to a properly filed motion;

2.   The motion to withdraw as counsel of record for petitioner, filed by attorney Kyle Jordan Howard, (Doc. No. 14) is DENIED without prejudice to its renewal by way of a properly supported motion;

3.   The petition for writ of habeas corpus (Doc. No. 1) is re-referred to Magistrate Judge Allison Claire for further proceedings.

IT IS SO ORDERED.

Dated:   **June 9, 2026**                      _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE