UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH ATWAL,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | No. 1:26-cv-1570 DAD AC<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner, an immigration detainee currently proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and motion for temporary restraining order (ECF No. 3) with assistance of counsel challenging his prolonged detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner argues his detention violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), and his federal due process rights under the Fifth Amendment. ECF Nos. 1, 3. By Order dated March 3, 2026, the Honorable Dale A. Drozd granted petitioner's motion for preliminary injunctive relief by directing respondents to provide petitioner with a bond hearing within ten days. ECF No. 8. Judge Drozd then referred the habeas petition to the undersigned for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. <u>Id.</u> The undersigned recommends that the habeas petition (ECF No. 1) be granted with respect to petitioner's INA claim and that respondents be directed to immediately

release petitioner from custody.

I. Factual Background

Petitioner is a native and citizen of India who entered the United States in early 2014 through the Canadian border without inspection in early 2014. ECF No. 7-1 at 2; ECF No. 1 at 2. He had no known contact with immigration officials during his initial entry into the United States and filed an affirmative asylum application (Form I-589) in February 2014. ECF No. 1 at 2. Since his arrival in the United States, petitioner has been arrested and convicted numerous times on DUI and domestic violence-related offenses, including spousal abuse, battery, and violating a protective order. ECF No. 7-1 at 2; ECF No. 7-2 at 4-10 (Petitioner's RAP sheet); ECF No. 1 at 2.[1]

On January 6, 2026, ICE conducted a targeted field operation to arrest petitioner. ECF No. 7-1 at 1; ECF No. 7-3 at 4 (DHS Warrant for Petitioner's Arrest dated January 6, 2026). Petitioner has remained in ICE custody since that date, and is presently incarcerated at the Golden State Annex Detention Facility in Kern County, California. ECF No. 1.

On January 22, 2026, petitioner was served with a Notice to Appear charging him as removable as a noncitizen present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 7-3. On August 7, 2026, an immigration judge entered an order of removal, which petitioner appealed to the Bureau of Immigration Appeals ("BIA"). That appeal is still pending.[2]

---

[1] His convictions include, *inter alia*, spousal abuse in violation of California Penal Code ("CPC") § 273.5 in February 2019; violating a protective order contrary to CPC § 166(c)(1) in October 2022 and June 2024; and inflicting corporal injury on a spouse or cohabitant in June 2024. ECF No. 7-2 at 4-9.

[2] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 26, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

II. Procedural History

A. Judge Drozd Granted Petitioner's Motion for Preliminary Injunction in Part

On February 24, 2026, with the assistance of retained counsel, petitioner filed the instant federal habeas petition along with a motion for temporary restraining order ("TRO"). ECF Nos. 1, 3. Petitioner alleges that he is a religious Sikh who is seeking protection in the United States after being harmed in India for expressing his political and religious views. ECF No. 1 at 2. He alleges that his detention without a bond hearing violated his rights under the INA and its implementing regulations, the Fifth Amendment Due Process Clause, and the Administrative Procedures Act. Id. at 3, 13-17. Petitioner requested immediate release, or alternatively, a constitutionally adequate bond hearing at which the government bears the burden of proving petitioner is a danger to the community or risk of flight by clear and convincing evidence. Id. at 4, 19. Petitioner's motion for TRO, filed on the same date, sought the same relief as his habeas petition. ECF Nos. 3; 3-2 at 4.

On February 25, 2026, Judge Drozd set a briefing schedule for petitioner's motion for TRO. ECF No. 6. On March 17, 2026, respondents filed an opposition to petitioner's motion and habeas petition, arguing that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal history, and that he is neither statutorily nor constitutionally entitled to release or a bond hearing. ECF No. 7 at 2. Respondents further argued that petitioner is not part of the "bond eligible class" certified in Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), because he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) due to his three prior convictions for violations of California Penal Code § 273.5, which may be crimes of moral turpitude ("CIMT"). Id. at 3-4. Respondents also stated that they were amenable to converting petitioner's motion for a temporary restraining order to a motion for a preliminary injunction. Id. at 1.

By Order dated March 3, 2026, Judge Drozd granted petitioner's motion for a TRO in part. ECF No. 8. Specifically, Judge Drozd found that "[s]ection 1226(c)(1)(B) subjects a person to mandatory detention if they are deportable for having committed certain offenses, which includes two or more convictions for crimes involving moral turpitude, as stated in

§ 1227(a)(2)(A)(ii)." Id. However, "a violation of § 273.5 is not categorically a CIMT." Id. (citing Cervantes v. Holder, 772 F.3d 583, 588 (9th Cir. 2014) ("... it is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT, while conviction under other subsections (for example, corporal injury against a cohabitant) will not.")). Based on the record before the court, Judge Drozd found it was not clear whether petitioner's convictions qualified as CIMT because the record does not reflect whether his convictions involved a cohabitant, a spouse, or an individual within some other category. Id. (citing ECF No. 7-2 at 4-10). Because petitioner entered the United States in January 2014 and applied for asylum shortly thereafter (ECF No. 1 at 2; 1-1 at 2) but was not detained by immigration authorities until January 6, 2026 (ECF No. 1 at 3), Judge Drozd declined to "deviate from the default detention scheme set out by § 1226(a) absent sufficient evidence establishing that petitioner is subject to mandatory detention." Id.[3] Judge Drozd converted petitioner's motion for a TRO (ECF No. 3) into a motion for preliminary injunction, granted the motion in part, and ordered respondents to provide petitioner a bond hearing within ten (10) days. Id.[4] Finally, Judge Drozd denied petitioner's request for a TRO ordering respondents to immediately release him from confinement without prejudice and referred the matter to the undersigned for further proceedings. Id.

When respondents failed to file a timely status report, the undersigned ordered respondents to confirm whether petitioner had been provided with a bond hearing in compliance with Judge Drozd's March 3, 2026, order. ECF No. 9. Respondents confirmed that petitioner received a bond hearing before an immigration judge on March 11, 2026. The IJ found the government met its burden by clear and convincing evidence to show petitioner was both a danger to the community and a flight risk and declined to release petitioner on bond. ECF Nos.

---

[3] The court further found "analogous and persuasive" its prior analysis in Rangel v. Noem, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026), which held that petitioner was likely to succeed on the merits of his claims in light of the final judgment entered in Bautista, and incorporated that analysis.

[4] Judge Drozd further ordered that "[w]ithin three days of the bond hearing, respondents shall file a status report in this case confirming that petitioner has been provided the bond hearing[.]" Id.

10; 10-1.[5]

B. The Parties' Briefing on the Question of Mootness

On June 3, 2026, the undersigned reviewed the habeas petition and filings in this action and directed the parties to inform the court of their respective positions regarding whether the petition is moot in light of petitioner's March 2026 bond hearing. ECF No. 11. The parties were advised that if either party believes the petition is not moot, the parties would be given an opportunity to submit additional briefing. Id. Respondents submitted a conclusory notice arguing (without citation to any legal authority) that the bond hearing rendered the habeas petition moot. ECF No. 13 at 1.

Petitioner filed a pro se motion for preliminary injunction and immediate release, arguing that his retained counsel in this action had provided ineffective assistance during his bond hearing by failing to file any supportive documents or appear to represent him despite assurances he would do so. ECF No. 12 at 2. Petitioner's counsel then filed a motion to withdraw as attorney for petitioner, explaining that his office represented petitioner only in his federal habeas proceedings and was not retained to represent petitioner during any of his immigration proceedings. ECF No. 14. On June 10, 2026, Judge Drozd issued an order denying petitioner's motion for preliminary injunction without prejudice to a motion properly filed by his retained counsel, and denied counsel's motion to withdraw without prejudice to a properly supported motion. ECF No. 15.

On June 16, 2026, the undersigned directed petitioner a second time to "inform the court of his position on the question of whether the habeas petition is moot in light of petitioner's bond hearing by no later than June 19, 2026." ECF No. 16. When petitioner's counsel failed to file anything on his client's behalf, the court ordered him to show cause why he should not be sanctioned for failing to comply with the order directing him to take a position on the mootness issue. ECF No. 18. The court further directed that petitioner's response "must be accompanied

[5] The IJ's March 11, 2026, decision demonstrates that the government was held to the appropriate burden of showing, by clear and convincing evidence, that petitioner was a danger or flight risk. ECF No. 10-1.

by the previously ordered supplemental briefing." Id.

On July 1, 2026, petitioner's counsel filed a response to the Order to Show Cause, apologizing for the error and indicating that petitioner believes his habeas petition is not moot. ECF No. 19 at 3. Petitioner's counsel requested a 30-day extension of time for petitioner to provide supplemental briefing regarding his bond hearing, and for petitioner's counsel to re-file his motion to withdraw. Id. at 4.

By Order dated July 6, 2206, the court granted petitioner's request for a thirty-day extension of time to file supplemental briefing on the question of mootness and set a briefing schedule for respondents to reply to any such brief. ECF No. 20. Petitioner's counsel next filed a properly supported motion to withdraw as attorney (ECF No 21), which was granted (ECF No. 22). The docket was updated to reflect that petitioner is now proceeding in propria personal in this action. Id.

To date, however, petitioner has neither filed supplemental briefing on the issue of mootness, nor sought additional extensions of time to do so.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on

supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

IV. Discussion

A. Mootness

In the immigration habeas context, a petitioner's release from immigration detention pursuant to preliminary injunctive relief does not moot the petition because that relief is only temporary in nature. Nielsen v. Preap, 586 U.S. 392, 403 (2019). Likewise, where the court grants partial relief by ordering a bond hearing while other claims remain pending, such as those for prospective and/or statutory or substantive relief, the petition is not moot. See Wheelock v. Mullin, No. 5:26-CV-01679-KES, 2026 WL 1454321, at *2 (C.D. Cal. May 14, 2026). A petition *is* moot, however, when a petitioner has received all of the relief he has requested. This includes when a petitioner has had "an opportunity" to contest his detention before an immigration judge and the chance to appeal that determination to the Board of Immigration Appeals, even if bond is ultimately denied. See Prieto-Romero v. Clark, 534 F.3d 1053, 1065-66, 1068 (9th Cir. 2008).

As discussed above, petitioner has advised the court – through counsel – that he did not believe the petition was rendered moot by his bond hearing due to claimed errors (which petitioner attributes to his lack of adequate representation by retained counsel) which occurred during the bond hearing. ECF No. 19 at 4. Although the court granted petitioner's request for an additional 30-day extension of time to submit supplemental briefing following his counsel's withdrawal, petitioner has failed to do so.

Although the court is sensitive to petitioner's genuine frustration and concern that he was misled or inadequately represented during his bond hearing proceedings, the court declines to

evaluate the efficacy of petitioner's bond hearing in the absence of any supplemental briefing from petitioner, especially to the extent petitioner's arguments may involve the immigration court's discretionary weighing of evidence. See Prieto-Romero, 534 F.3d at 1058 ("[D]iscretionary decisions granting or denying bond are not subject to judicial review[.]").[6] In an abundance of caution, however, the undersigned will liberally construe petitioner's briefing relevant to the question of mootness.

As noted above, the primary form of relief petitioner sought in his habeas petition and TRO was to be released from custody; he requested in the alternative to receive a bond hearing at which the government had the burden of proof by clear and convincing evidence. ECF Nos. 1, 3. Judge Drozd granted petitioner's request in part by declining to "deviate from the default detention scheme set out by § 1226(a) absent sufficient evidence establishing that petitioner is subject to mandatory detention" and granting petitioner a bond hearing, without ruling on the merits of his underlying habeas petition. ECF No. 8. Judge Drozd also denied petitioner's request for release without prejudice. Id. Because the court has not yet ruled on the merits of the habeas petition seeking petitioner's release from custody, the court declines to find that the March 11, 2026, bond hearing rendered the habeas petition moot. The undersigned now turns to the merits of the petition.

B. The Merits of Petitioner's INA Claim

Counts one and two of petitioner's habeas petition allege that DHS's actions violated his rights under the INA and its implementing regulations by detaining him without pre-deprivation procedures when he was not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the DHS made his initial custody determination. ECF No. 1 at 13-16. Petitioner's "continued detention—without individualized assessment, without statutory

---

[6] Although exhaustion is prudential and not jurisdictional, petitioner has also not demonstrated why his failure to exhaust his administrative remedies as to his claims attacking his bond hearing should be excused in this instance. See e.g., Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (federal courts excuse the exhaustion requirement where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.").

justification, and without any realistic prospect of removal in the reasonably foreseeable future—exceeds the narrow detention authority granted by the INA and violates controlling Supreme Court precedent limiting civil immigration detention to purposes expressly authorized by Congress." Id. at 16. The court agrees.

As Judge Drozd previously found, the record before the court does not establish that petitioner's convictions qualify as crimes of moral turpitude (as respondents have alleged) because the record does not reflect whether petitioner's convictions involved a cohabitant, a spouse, or an individual within some other category.[7] ECF No. 8 (citing ECF No. 7-2 at 4-10). Because petitioner entered the United States in January 2014 and applied for asylum shortly thereafter (ECF No. 1 at 2; 1-1 at 2) but was not detained by immigration authorities until January 6, 2026 (ECF No. 1 at 3), Judge Drozd found that petitioner's detention was governed by § 1226(a) absent sufficient evidence establishing that petitioner is subject to mandatory detention. Id. The undersigned agrees and incorporates Judge Drozd's analysis as set forth herein.

After the parties submitted their briefing in this case, the Ninth Circuit Court of Appeals also confirmed the statutory basis of detention for noncitizens like petitioner, who are already present within the interior of the United States when they are detained. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border, and "unadmitted aliens apprehended in the interior remain[] eligible for release on bond pending removal proceedings." Id. at 1193.

Although the Ninth Circuit's decision in Rodriguez Vazquez does not mandate a particular remedy, it is consistent with the wealth of precedent from this district granting habeas relief to noncitizens like petitioner who entered the United States without inspection and resided

[7] Indeed, even after Judge Drozd's ruling granting petitioner's motion for preliminary injunction, respondents have neither provided (nor sought leave of court to file) any additional evidence relating to petitioner's criminal history to demonstrate that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) or any other provision.

within the interior of the United States for many years before ICE detained them without pre-deprivation procedures. See e.g., Ramirez Pena v. Warden, Golden State Annex Detention Facility, No. 1:26-cv-4194 DAD CKD, 2026 WL 1637497, at *1-2 (E.D. Cal. June 5, 2026) (ordering petitioner's immediate release based on petitioner's INA claim); Valencia Cardenas v. Chestnut, 1:26-cv-2073 DAD SC, 2026 WL 785871, *1-2 (E.D. Cal. Mar. 20, 2026) (ordering petitioner's immediate release based on petitioner's INA claim that he was wrongfully detained pursuant to 8 U.S.C. § 1225(b)); Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) (ordering petitioner's release based on a finding that petitioner was subject to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)).

Because the government has failed to establish that petitioner is subject to mandatory detention under either 8 U.S.C. § 1226(c)(1)(B) or 8 U.S.C. § 1225(b) – and notably has not argued that petitioner is being lawfully detained pursuant to 8 U.S.C. § 1226(a) – the court finds that respondents have violated the INA by improperly subjecting petitioner to mandatory detention. See ECF No. 1 at 13-16. As § 1226(a) is the applicable immigration detention authority for a non-citizen like petitioner who was already within the interior of the United States when he was detained by ICE, the court adopts the reasoning of Rodriquez Vazquez and prior decisions from this court, such as Ramirez Pena, Valencia Cardenas, and Quichimbo-Jimenez.

Respondents have failed to provide authority for petitioner's continued detention, and therefore the undersigned further finds that the appropriate remedy is petitioner's immediate release. Petitioner is entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); Rodriguez Vazquez, 183 F.4th at 1193 ("unadmitted aliens apprehended in the interior remain[] eligible for release on bond pending removal proceedings.").

As this court has previously observed,

> courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citations omitted) (collecting cases).

Here, respondents have not demonstrated that they have complied with the procedural protections of § 1226(a) during petitioner's detention, such as providing him with an initial custody determination either prior to or contemporaneously with his detention in January 2026. Petitioner argues that the statutory and constitutional transgression occurred when ICE detained him without notice or a pre-deprivation hearing, ECF No. 1 at 16, and the undersigned agrees. Under these circumstances, the bond hearing provided by DHS in March 2026 pursuant to Judge Drozd's prior order was insufficient to restore the status quo. A post-deprivation bond hearing is not responsive to petitioner's detention without adequate statutory justification or constitutionally adequate procedural safeguards *prior* to the deprivation of his liberty. ECF No. 10-1 (IJ's March 11, 2026 Custody Redetermination Decision). Nor have respondents identified any reason why a pre-deprivation hearing could not have been held, and they have provided no evidence of "urgent concerns" warranting petitioner's detention without a prompt hearing.[8] Accordingly, the court concludes that petitioner's initial detention was unlawful and that the appropriate remedy is an order requiring petitioner's immediate release subject to standard conditions of supervision.

---

[8] Because relief is appropriate on petitioner's statutory claim, the court declines to address petitioner's additional due process and APA claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner AMANDEEP SINGH ATWAL subject to standard conditions of supervision. At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE